**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | )  Case No. 11-29141-NVA |
| FREDERICK B. KNOTT, SENIOR | )  Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |

**MOTION TO SHORTEN TIME TO OBJECT AND EXPEDITE HEARING ON**
**MOTION TO AMEND OR CLARIFY AMENDED ORDER**
**REOPENING CASE TO PERMIT DEBTOR(S) TO FILE**
**A COMPLAINT IN ACCORDANCE WITH ORAL RULING ON**
**THE RECORD [DOCKET NO. 73], OR IN THE ALTERNATIVE, MOTION TO**
**REOPEN CASE TO PERMIT FILING OF MOTION TO ANNUL AUTOMATIC STAY**

Paul Diem ("Mr. Diem") and State Employees Credit Union of Maryland, Inc. ("SECU," and collectively with Mr. Diem, "Movants"), hereby file this *Motion To Shorten Time to Object and Expedite Hearing on Motion to Amend or Clarify Amended Order Reopening Case to Permit Debtor(s) to File a Complaint in Accordance with Oral Ruling on the Record [Docket No. 73], or in the Alternative, Motion to Reopen Case to Permit Filing of Motion to Annul Automatic Stay* (the "Motion to Expedite"), seeking an expedited hearing and shortened objection period with regard to the *Motion to Amend or Clarify Amended Order Reopening Case to Permit Debtor(s) to File a Complaint in Accordance with Oral Ruling on the Record [Docket No. 73], or in the Alternative, Motion to Reopen Case to Permit Filing of Motion to Annul Automatic Stay* (the "Motion to Amend"), and state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 and 11 U.S.C. § 362(d).

2. Venue is appropriate pursuant to 28 U.S.C. § 1408 & 1409. This is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

## BACKGROUND

3.      On September 23, 2011, Frederick B. Knott, Sr. (the "Debtor") filed for Chapter

7 Bankruptcy, commencing case no. 11-29141-NVA (the "Main Case").

4.      At the time he filed bankruptcy, the Debtor and a non-debtor named John

Leschefsky ("Mr. Leschefsky") each owned a 50% interest in real property known as 1517 West

36th Street, Baltimore, Maryland (the "Property").  The deed (Liber 11754, page 346)

evidencing that purchase states that the Debtor and Mr. Leschefsky paid $58,800 to purchase the

Property. A true and correct copy of that deed is attached as **Exhibit A**.

5.      To finance their purchase of the Property, the Debtor and Mr. Leschefsky granted

a purchase money mortgage (Liber 12024, page 235) in favor of Boardwalk 2001, LLC

("Boardwalk"). A true and accurate copy of that mortgage is attached as **Exhibit B**. The Property

was encumbered by that mortgage when the Debtor filed his bankruptcy petition on September

23, 2011.

6.      On October 21, 2011, the Debtor filed a statement of intent in which he stated

that the Property "will be… surrendered." See Main Case Docket No. 36.

7.      On October 24, 2011, Boardwalk filed a motion for relief from stay, seeking

leave to foreclose on the Property. See Main Case Docket No. 39. Boardwalk scheduled a

hearing on the motion for relief from stay for November 17, 2011.

8.      The Debtor did not file an opposition to the motion for relief from stay.

9.      On October 25, 2011, Monique Almy, the Chapter 7 Trustee, filed a response

consenting to relief. See Main Case Docket No. 41.

10.     On November 17, 2011, the Court removed the hearing on the motion for relief

from its docket, with the notation "NO RESPONSE BY THE DEBTOR; CONSENT TRUSTEE."

11.     Apparently, Boardwalk conducted a foreclosure sale on the Property on November 18, 2011 (the "Foreclosure Sale") pursuant to the Boardwalk Mortgage. A true and accurate copy of the Docket Report concerning that Foreclosure Proceeding (Case No. 24-O-11000829), is attached as **Exhibit C**.

12.     Six days later, on November 24, 2011, any stay remaining in effect with respect to the Property terminated pursuant to 11 U.S.C. § 362(e).

13.     On January 6, 2012 this Court entered an order discharging the Debtor. Main Case Docket No. 51.

14.     On January 18, 2012, this Court entered an order terminating the automatic stay with respect to the execution of all unavoided liens. See the Main Case Docket No. 51.  A copy of that order is attached as **Exhibit D.**

15.     On March 30, 2012, the Circuit Court for Montgomery County, Maryland ratified the Foreclosure Sale. The Debtor never objected to ratification, or filed any exceptions to the sale. See Foreclosure Docket attached as Exhibit C.

16.     A deed dated May 10, 2012 conveying the Property to Virginia Matthias ("Ms. Mathias") was recorded among the Land Records of Baltimore City, Maryland in Liber 14342, at folio 368 *et seq*. A true and correct copy of this deed is attached as **Exhibit E.** That deed states that Ms. Mathias bought the Property at foreclosure sale.

17.     A deed dated September 25, 2012 conveying the Property from Ms. Mathias to Boardwalk was recorded among the Land Records of Baltimore City, Maryland in Liber 14632, at folio 0445 *et seq.* A true and correct copy of that deed is attached as **Exhibit F**.

18.     Boardwalk subsequently sold the Property to Mr. Diem. A deed, dated October 16, 2012, evidencing that sale was recorded among the Land Records of Baltimore City, Maryland in Liber 14679, at folio 0245 *et seq*. A true and correct copy of that deed is attached as **Exhibit G**.

19.     Mr. Diem had no knowledge of the Debtor's bankruptcy when he closed on his purchase of the Property. Mr. Diem would not have purchased the Property if he knew that doing so might be a potential bankruptcy stay violation.  An abstract was commissioned prior to the closing for Mr. Diem's Purchase of the Property. A true and accurate copy of that abstract is attached as **Exhibit H**.  The abstract reflected that at the time Mr. Diem purchased the Property, no suggestion of stay had been filed in the foreclosure proceeding, in violation of Local Bankruptcy Rule 2072-1.  While that abstract has a "good through" date of September 26, 2012, it fails to disclose the existence of the Debtor's bankruptcy which had been filed a year earlier. Mr. Diem will be prejudiced if his purchase is not validated.

20.     Mr. Diem financed his purchase of the Property by obtaining a loan from and granting a deed of trust (the "SECU Deed of Trust") to SECU. The SECU Deed of Trust was recorded among the Land Records of Baltimore City, Maryland in Liber 14679, at folio 252.  A true and correct copy of the SECU Deed of Trust is attached as **Exhibit I.** The stated consideration in the SECU Deed of Trust is $161,500.

21.     SECU had no knowledge of the Debtor's bankruptcy when it gave Mr. Diem the loan. See paragraph 4 of the Affidavit of Lee Ann Barsotti, attached as **Exhibit J**.  SECU would not have granted Mr. Diem the loan he requested had SECU known about the existence of a potential bankruptcy stay violation concerning a prior owner. *Id.* at paragraph 4.  SECU will be prejudiced if its deed of trust is not validated.

22.      Nearly four years after Mr. Diem purchased the Property and took possession, on June 30, 2016, the Debtor filed an Amended Motion to Reopen Case. See Main Case Docket No. 60.  The Debtor did not serve the Amended Motion to Reopen on Mr. Diem or SECU.

23.      The Amended Motion to Reopen was granted over Boardwalk's opposition on October 28, 2016.  Main Case, Docket No. 73.   The Amended Order Reopening Case To Permit Debtor(s) to File A Complaint In Accordance With Oral Ruling On The Record (the "Order to Reopen," Docket No. 73) states that:

> ORDERED, that the motion is granted for the limited purpose of permitting Debtor(s) to file a complaint as authorized by the Court on the record at the hearing held on this matter on September 13, 2016 *and the Clerk shall reopen the case*;

24.      On November 24, 2016, the Debtor filed a complaint against Boardwalk, Jay A. Dackman, and Jeffrey B. Schultz (collectively, the "Defendants"), commencing Adv. Proc. No. 16-00548-NVA.  In that adversary proceeding, the Debtor seeks, *inter alia*, to deem the Foreclosure Sale a nullity.

25.      On December 29, 2016, the Debtor and the former 50% owner of the Property, John Leschefsky, filed a lawsuit in the Circuit Court for Baltimore City, Case No. 24C16007095 (the "State Court Lawsuit")  against Mr. Diem, SECU and the two trustees under the SECU Deed of Trust, John Brown and James Brown.  The State Court Lawsuit seeks to quiet title to the Property and declare that the Plaintiff and John Leschefsky are the owners of the Property and that Mr. Diem, SECU and the two trustees under the SECU Deed of Trust have no interest in the Property.  A true and correct copy of the Complaint commencing the State Court Lawsuit is attached as **Exhibit K**.  Being served with process of the State Court Lawsuit was the first notice that SECU had concerning the Debtor's bankruptcy.

26.      On February 7, 2017, SECU removed the State Court Lawsuit to this Court,

commencing Adversary Proceeding 17-00072-NVA.

27.     On February 23, 2017, SECU filed a Motion to Annul the Automatic Stay (the "Motion to Annul," Docket No. 80.

28.     On March 1, 2017, the Debtor filed an amended complaint in Adversary Proceeding 17-00072-NVA.

29.     On March 9, 2017, Mr. Diem joined in the Motion to Annul.  Docket No. 84

30.     On March 14, 2017, the Debtor filed a motion to strike the Motion to Annul (the "Motion to Strike," Docket No. 85.  In the Motion to Strike, the Debtor asserts that because the Order to Reopen is only granted for a limited purpose, the Motion to Annul should not be allowed.

31.     Simultaneously with this Motion, the Movants have filed an opposition to the Motion to Strike, as well as the Motion to Amend.

### The Need for Shortened Time and an Expedited Hearing

32.     The hearing on the Motion to Annul is currently scheduled for March 23, 2017 at 2:00 p.m.  The Debtor has not opposed the Motion to Annul on substantive grounds, only on the grounds that it was not authorized by the Order to Reopen.

33.     The hearings on the Motion to Annul and the Motion to Amend should be consolidated.  Adjudication of each of the motions will require a determination of the same overlapping issues, including the scope and intent of the Order to Reopen.  Further, delay of the adjudication of the Motion to Amend may prevent timely adjudication of the Motion to Annul within the time limits of 11 U.S.C. § 362(e).

34.     An expedited hearing on the Motion to Annul will also potentially resolve the Debtor's pending adversary proceeding, resulting in greater judicial economy, and avoiding the

need for witnesses and attorneys to appear at multiple hearings.  This Motion to Expedite was

filed as soon as Movants were able to obtain a transcript of the hearing on the Motion to Reopen.

WHEREFORE, the Movants request that the Court enter the attached order granting this

Motion to Expedite, and scheduling a hearing on the Motion to Amend on March 23, 2017 at

2:00 p.m., and ordering that all objections to either motion be filed by March 22, 2017.

Dated: March 17, 2017                    Respectfully submitted,

*/s/ Mark W. Schweitzer*
/s/ *Justin P. Fasano*
Mark W. Schweitzer (Bar No.14402)
Justin P. Fasano (Bar No. 28659)
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
*Counsel for Paul Diem and State Employees Credit Union of Maryland, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2017, a copy of the foregoing was served by CM/ECF

to all parties receiving notice thereby, including the following attorneys.


- Monique D. Almy    malmytrustee@crowell.com,
  cbest@crowell.com;malmy@ecf.epiqsystems.com
- Jay A. Dackman    jaydackman@yahoo.com, virginiamathias@boardwalk2001.com
- Robert Grossbart    robert@grossbartlaw.com, debra@grossbartlaw.com
- Richard J. Hackerman    richard@richardhackerman.com,
  RichardHackerman@comcast.net

I further certify that on March 17, 2017, a copy of the foregoing was served by first class

mail, postage prepaid to:


John Leschefsky
Green Meadows Drive
Dailstown, PA 17313

John F. Brown, Trustee
8501 Lasalle Road, Suite 212
Baltimore, MD 21286-5980

James R. Brown, Trustee
8501 Lasalle Road, Suite 212
Baltimore, MD 21286-5980

Frederick B Knott, Sr.
2637 Miles Ave.
Baltimore, MD 21211

John F. Carlton, Esq.
Whiteford, Taylor & Preston, LLP
7 St. Paul Street, Suite 1500
Baltimore, MD 21202

/s/ *Justin P. Fasano*
Justin P. Fasano